**FILED**

MAR 2 6 2008

NANCY MAYER WHITTINGTON, CLERK
U.S DISTRICT COURT

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **Case No. 05-316 (ESH)** |
| | : | - 14 |
| ALBA LORENA GIRALDO SANCHEZ | : | |

**PLEA AGREEMENT**

1.  The Defendant, Alba Lorena Giraldo Sanchez, knowingly and voluntarily agrees with the United States, through the Narcotic and Dangerous Drug Section of the Criminal Division of the United States Department of Justice, to plead guilty to that part of Count One of the Indictment, which charges him/her with Conspiracy to Distribute Cocaine, Knowing that such Cocaine would be Unlawfully Imported into the United States, in violation of Title 21, United States Code, Sections 959, 960(b)(3), and 963.

2.  The defendant understands that the crime to which the Defendant is pleading guilty carries a term of imprisonment of up to twenty years, a fine not to exceed $1,000,000, and a period of supervised release of at least three (3) years.

3.  The Defendant agrees to pay the Clerk of the United States District Court a special assessment of one hundred dollars ($100) per count of conviction. The defendant agrees that any special assessment imposed shall be paid at sentencing or as soon thereafter as possible.

4.  The Defendant understands, if the Court accepts the Defendant's plea of guilty as outlined in this agreement, in accordance with Federal Rule of Criminal Procedure 11(c)(1)(c), the Court will follow the sentencing recommendation as set out in paragraph eight below.

5.  The parties agree that the Defendant will receive a sentence of confinement of 22

months in accordance with Federal Rule of Criminal Procedure 11(c)(1)(c). In order to effectuate this sentence, the parties agree that the Court sentence the defendant to time served, with credit for time served in Colombia awaiting extradition and credit for time served in the United States while in the custody of the United States.

6. The Defendant agrees that Defendant cannot withdraw his guilty plea entered pursuant to this Plea Agreement, unless the Court does not accept the plea agreement.

7. The United States reserves its right of allocution in this case.

8. The defendant agrees that the information in the record enables the court to meaningfully exercise its sentencing authority without the need for a presentence investigation, and so the defendant waives any right to a presentence investigation.

9. The defendant agrees that she is accountable for 400 grams but less than 500 grams of cocaine. The parties agree that the defendant is eligible for a mitigating role adjustment in accord with U.S.S.G. Section 3B1.2 (three levels), for acceptance of responsibility in accord with 3E1.1 (three levels), and for the safety valve set out in Section 5C1.2 (two levels). The parties also agree that the defendant is a criminal history Category I. Accordingly, the defendant's guideline range is 21 to 27 months (Offense Level 16, Criminal History Category I.).

10. This Plea Agreement binds the Narcotic and Dangerous Drug Section of the Criminal Division of the United States Department of Justice. It does not bind any other federal, state or local authorities.

11. The Defendant represents to the Court that the Defendant is fully satisfied with Defendant's attorney.

12. The Defendant represents to the Court that no threats have been made against the

2

Defendant, that no promises (other than those set out in the plea agreement) have been made, and that the Defendant is pleading guilty freely and voluntarily.

13.  This Plea Agreement represents the entirety of the terms and conditions of the agreement between Defendant and the United States.  No agreements, understandings, promises, representations or conditions exist other than those contained in this Plea Agreement.  No other agreements, understandings, promises, representations or conditions or changes to this Plea Agreement may be made or entered into unless in writing and signed by the parties.

_Alba Giraldo Sanchez_

DEFENDANT

_[signature]_

ATTORNEY FOR DEFENDANT

_Paul Laymon_

PAUL W. LAYMON

TRIAL ATTORNEY

U.S. DEPARTMENT OF JUSTICE

WASHINGTON, D.C.

_March 26, 2008_

DATE

3